UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-05545 AB<br>CR 15-00452 AB | Date: | August 17, 2016 |
|---|---|---|---|

| Title: | *Jhovani Canales Reyes v. United States of America*<br>*United States of America v. Jhovani Canales Reyes* |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order DISMISSING Plaintiff's Motion Under 28 U.S.C. § 2255

  Plaintiff Jhovani Canales Reyes was convicted of being an Illegal Alien Found in the United States Following Deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2). On February 8, 2016, Plaintiff was sentenced to 27 months imprisonment and three years of supervised release. *See* CR 15-00452, Dkt. Nos. 50, 51. Plaintiff now moves to modify his sentence under 28 U.S.C. § 2255. He appears to argue that under *Johnson v. United States*, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1260, 194 L. Ed. 2d 387 (2016), he should be resentenced. In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), is unconstitutionally vague and therefore could not be the basis of imposing an increased sentence. In *Welch*, the Court held that *Johnson* applied retroactively in cases on collateral review.

Here, however, *Johnson* provides Plaintiff no remedy because his sentence was not increased under the Armed Career Criminal Act, nor was his sentence increased on the ground that any of his prior convictions was a crime of violence.

Because *Johnson* provides Plaintiff no grounds for federal habeas relief, the Court hereby **DISMISSES** his petition.

**IT IS SO ORDERED.**